IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-cr-40028-005 JPG |
| | ) |
| CALEN D. MCCOY, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on consideration of defendant Calen D. McCoy's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. The Court appointed counsel for McCoy, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 219). *See Anders v. California*, 386 U.S. 738, 744 (1967). Neither the government nor the defendant has responded to the motion, although they were given an opportunity to do so.

The defendant pled guilty to one count of conspiracy to distribute crack cocaine, powder cocaine and methamphetamine and two counts of distribution of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that the defendant's relevant conduct was at least 10,000 kilograms of marihuana equivalency units ("MEUs") but less than 30,000 MEUs, which at the time under U.S.S.G. § 2D1.1 yielded a base offense level of 36. His offense level was increased by two points under U.S.S.G. § 2D1.1(b)(1) for possession of a weapon and reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility. Considering the defendant's criminal history category of III, this yielded a sentencing range of 210 to 262 months in prison. However, because the government had filed an enhancement pursuant to 21 U.S.C. §

851 and because the defendant's relevant conduct included more than 50 grams of crack cocaine and more than 500 grams of methamphetamine, the defendant's statutory minimum sentence was 20 years.  *See* 21 U.S.C. § 841(b)(1)(A).  Consequently, pursuant to U.S.S.G. § 5G1.1(c)(2), his effective guideline range became 240 to 262 months.  The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

McCoy cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  Amendment 715, effective May 1, 2008,

further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  The amendments did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(c)(2) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts.  *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum.").  Because the defendant was sentenced based on his statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(c)(2), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, the low end of his guideline range would have been 240 months.  Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because McCoy cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 219).  The Clerk is **DIRECTED** to mail a copy of this order to defendant Calen D. McCoy, Reg. No. 07028-010, FCI Sandstone, P.O. Box 1000, Sandstone, MN 55072.

**IT IS SO ORDERED.**
**Dated this 20th day of April, 2010.**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. DISTRICT JUDGE**